## JOHN GILL, surviving executor &c.,

### *v.*

## HARRIET ROBERTS et al.

1. A testator directed his executors to divide the income from his estate as follows: one-third to his wife; one-third to her then unborn child, if it should live, and the other third to his son Benjamin; that if either child should die or the unborn one should not be born alive, the survivor should receive the other's share; that if both children should not attain twenty-one, or should die without leaving lawful issue, their estates should go to testator's brother David's children, equally; that the share of each child should be paid to him on his attaining his majority, and they should also receive their mother's share at her death.

Testator died in 1829; his posthumous child was born alive, but died in infancy in 1830; Benjamin attained his majority, and died in 1853, unmarried, without issue and intestate. Testator's brother David had two children. The widow died in 1879.—*Held,* that David's children took the share left to the widow, not under the will, but as next of kin of Benjamin.

---

Bill of interpleader. On final hearing.

*Mr. A. C. Scovel,* for complainant.

*Mr. A. Browning,* for defendant Samuel E. Clement.

THE CHANCELLOR.

Jacob Roberts, late of Gloucester county, deceased (he died April 27th, 1829), by his will of April 24th, 1829, after certain bequests, directed his executors to sell his undivided interest in a specified tract of land, and then directed them to sell all the remainder of his estate, real and personal, as soon as they might think best, and directed that then, after paying all his just debts, they should put the balance of his estate at interest; and he disposed of the annual interest therefrom as follows : his then (second) wife was to receive one-third in lieu of her dower, and her unborn child, if it should live, was to receive a third, and the testator's son Benjamin (then a minor), the other third. And he provided that if either of his children "should die," or his wife's child should not be born alive, the "survivor" should receive the other's share, and if both of the children should not live to attain to majority, or should die without leaving lawful issue, their "estates" should go to his brother David's children, in equal shares. And further, that when his, the testator's, children should arrive at majority they should receive their thirds, principal and interest, and also their "mother's" (his widow's) share of the principal at her death, but not before ; but if either of them should die, the survivor should receive the other's share, and if neither of them should live to that period, their shares should go to his brother David's children, or the survivor of them. The testator's wife's child was born alive, but died in infancy, May 17th, 1830. Benjamin, the testator's eldest child, lived to attain his majority and died January 21st, 1853, unmarried, without issue and intestate. The testator's brother David had two children, John K. Roberts and Mrs. Clement. The latter died in 1858 leaving a husband (still surviving) and two children. Her husband is her administrator. The testator's widow died in 1879. John K. Roberts died in 1871, intestate, leaving a widow and children. The question presented is whether Mr. Clement is entitled to the share of his wife in the third of the testator's estate, of which his widow was to have the interest. Benjamin, when he died, was entitled under the will to the principal of the fund, subject to the right of the widow to

the interest of it for life. When he died, Mrs. Clement and John K. Roberts, her brother, became entitled to it in like manner as his next of kin. They did not take under the will, but as next of kin of Benjamin, their cousin. The fund was personal property. On Mrs. Clement's death her husband, *jure mariti,* became entitled to receive her share of it, and he is entitled to have it paid to him as her administrator. The share of John K. Roberts is of course distributable, according to the statute of distributions, among his widow and children.